**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES ROWE, | : | |
| Plaintiff | : | Civil No. 3:15-cv-2449 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| JOHN W. KERESTES, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On December 11, 2015, Plaintiff, James Rowe, an inmate currently confined at the

Mahanoy State Correctional Institution, ("SCI-Mahanoy"), in Frackville, Pennsylvania, filed

the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he

filed the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

An initial screening of the complaint has been conducted, and for the reasons set forth

below, the motion to proceed *in forma pauperis* will be granted, and Plaintiff will be directed

to file a properly supported amended complaint.

## I.   Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26,

1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]   The Court is required to identify

---

[1]   Section 1915(e)(2) of Title 28 of the United States Code provides:

cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).

This initial screening is to be done as soon as practicable and need not await service of

process. *See* 28 U.S.C. § 1915A(a).

## II.   Discussion

Plaintiff's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of

the United States Code offers private citizens a cause of action for violations of federal law

by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for

---

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal --

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]   Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of
the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*,

42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under §

1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012

U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662,

676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d

121, 130 (3d Cir. 2010).

In the instant action, the named Defendants are Superintendent John W. Kerestes,

Corrections Health Care Administrator John Steinhart, and SCI-Mahanoy. (Doc. 1).

As to Defendants Kerestes and Steinhart, Plaintiff's entire statement of claim is as

follows:

John W. Kerestes is involved by request slip on or about June 18, 2014 and
again on or about June 25, 2014 by oral. Wherefore I James E Rowe did not

3

here [sic] back from Superintendent John W. Kerestes on Request slip. John Steinhart is involved do [sic] to the fact of request slip's [sic] on or about June 18, 2014 and sike [sic] call slip's [sic] and grievance[.] Mr. John Steinhart is the Corrections Health Care Administrator.

(*Id.* at pp. 2-3). Plaintiff fails to set forth any facts in support of his claims and fails to assert the violation of any federal right. Plaintiff's general statements are insufficient to state a claim for relief. *See Flanagan v. Shively,* 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice" to avoid dismissal for failure to state a claim), *affirmed* 980 F. 2d 722 (3d Cir. 1992), *cert. denied* 510 U.S. 829 (1993). Plaintiff is advised that his allegations must be supported by facts and must indicate the role the named Defendants allegedly played in any constitutional violations. *See Flanagan,* 783 F. Supp. at 928-29; *Cross v. Losinger,* 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").

As to Defendant SCI-Mahanoy, the Court finds that this Defendant is not amenable to suit under 42 U.S.C. § 1983. Section 1983 creates a cause of action against every "person" who under color of state law deprives an individual of a right secured by the Constitution or federal statute. *See* 42 U.S.C. § 1983. "[P]risons and other correctional facilities are not 'persons' within the meaning of § 1983." *Ogden v. Huntingdon County,*

4

2007 U.S. Dist. LEXIS 59808, *7 (M.D. Pa. 2007) (Conner, J.). Thus, SCI-Mahanoy is not a "person" within the meaning of § 1983 and is not a suitable entity for a § 1983 claim.

For relief, Plaintiff seeks monetary damages, he requests that the Department of Corrections ("DOC") "stop serving fish", and he requests not to be transferred to another prison. (Doc. 1, p. 3). As to Plaintiff's blanket request that the DOC stop serving fish, the Court owes substantial deference to prison administrators, who bear a significant responsibility in the daily operation of the correctional facility, including food service decisions.

To the extent that Plaintiff seeks "not to be sent to another prison ... [and] to stay at SCI Mahanoy", (Doc. 1, p. 3), it is well-established that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976). Simply put, as a legal matter, Plaintiff has no constitutional right to choose his prison.

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, in light of Plaintiff's *pro se* status, he will be granted the opportunity to file an amended complaint. While Plaintiff will be afforded an opportunity to

file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Iqbal*, 556 U.S. at 676). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## III. Conclusion

Given Plaintiff's *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court.

An appropriate Order will issue.

Date: January __6__, 2016

Robert D. Mariani
United States District Judge

6