IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ROWE,<br>    Plaintiff | Civil No. 3:15-cv-2449 |
| v. | (Judge Mariani) |
| JOHN W. KERESTES, *et al.*,<br>    Defendants | |

FILED
SCRANTON
JUL 0 1 2016
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, James Rowe, an inmate currently confined at the Mahanoy State Correctional Institution, ("SCI-Mahanoy"), in Frackville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On January 6, 2016, this Court issued a Memorandum and Order screening Plaintiff's complaint. (Docs. 7, 8). Plaintiff was advised that his complaint failed to state a claim for relief. (*Id.*). Plaintiff was granted the opportunity to amend his complaint to plead sufficient facts and address the deficiencies identified in the Memorandum. (*Id.*). On May 16, 2016, Plaintiff filed an amended complaint for the Court's review. (Doc. 16). Named as Defendants are John Kerestes, Superintendent at SCI-Mahanoy; John Steinhart, Health Care Administrator at SCI-Mahanoy; and Margaret Gordon, Dietician at the Central Office. (*Id.* at p. 2). Review of the proposed amended complaint (Doc. 16) reveals that Plaintiff again fails to state a plausible claim for relief. Accordingly, the proposed amended complaint will be dismissed and the action will be closed.

## I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

## II. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Keys v. Carroll*, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

3

The allegations of the amended complaint relate to Plaintiff's fish allergy. (Doc. 16, p. 3). On June 14, 2014, Plaintiff allegedly informed a nurse at SCI-Mahanoy that he is allergic to fish. (*Id.*). Plaintiff thereafter submitted written requests to Defendants Kerestes and Steinhart informing them of his allergy. (*Id.*). Plaintiff was advised to submit a sick call request. (*Id.*). On January 26, 2015, Plaintiff alleges that the medical department placed him on "no fish" diet. (*Id.*). Defendant Gordon allegedly advised Plaintiff that a "no fish" diet is a non-standard diet, and he should request the alternate protein meal. (*Id.* at pp. 3-4). On May 13, 2015, Plaintiff alleges that SCI-Mahanoy was on lockdown and, as a result, he received a meal which he was unable to eat because he alleges it contained fish. (*Id.* at p. 4). The plaintiff's complaint alleges only this single occasion when he was presented with a meal containing fish and thus was apparently left with no meal to eat. For relief, Plaintiff seeks monetary damages, he requests that the kitchen staff at SCI-Mahanoy prepare his food separate from all fish products, and that Defendant Gordon change the prison policies related to food allergies. (*Id.* at p. 5).

The Eighth Amendment protects prison inmates from cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective

4

test. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (1994). A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. *Id.* However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and cannot constitute a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Based on the facts alleged in the amended complaint, the Court concludes that Plaintiff fails to allege sufficient facts to proceed on an Eighth Amendment conditions of confinement claim. Plaintiff simply alleges that he was not provided a "no fish" diet on one occasion during lockdown. Plaintiff fails to establish that the alleged deprivation alleged was objectively, sufficiently serious, and that any Defendant acted with deliberate indifference to an excessive risk to his health and/or safety as required by *Farmer*. Furthermore, Plaintiff does not allege any specific harm related to his diet. Plaintiff does not allege that his "no fish" diet did not resume the following day, that his health was damaged in some way by the purported missed meal, or that he suffered any resultant injury. *See*

*Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011) (finding that the denial of three meals over two days to an inmate did not rise to the level of an Eighth Amendment violation); *Veteto v. Miller*, 829 F.Supp. 1486, 1495 (M.D. Pa. 1992) (dismissing inmate's claims regarding the denial of meals, clean clothes, showers and recreation because "[t]hese conditions...cannot be said to have constituted cruel and usual punishment, either alone or in the aggregate" especially considering the inmate's brief duration of his assignment to the administrative detention unit); *Adderly v. Ferrier*, 2010 U.S. Dist. LEXIS 64266, *29 (W.D. Pa. 2010) (concluding that the denial of breakfast and lunch to a prisoner for seven (7) consecutive days, in the absence of a showing that the dinners did not satisfy some minimum daily quantum of calories adequate for health, did not establish an Eighth Amendment violation).

Regarding Plaintiff's requests that the kitchen staff prepare his food separately, and that the prison change its policies related to food allergies, the Court owes substantial deference to prison administrators, who bear a significant responsibility in the daily operation of the correctional facility, including food service decisions and internal policies. Consequently, the Court is confident that service of process is unwarranted.

## III. Conclusion

Based on the foregoing, Plaintiff's proposed amended complaint will be dismissed and this action will be closed. An appropriate Order shall issue.

Date: July 1st, 2016

Robert D. Mariani
United States District Judge